## Walter Poulter v. The State.

### No. 2734. Decided November 26, 1913.

**1.—Perjury—Evidence—Grand Jury Testimony.**

Upon trial of perjury, there was no error in admitting testimony to show that the grand jury was inquiring into an alleged violation of the law at the time defendant testified before it; however, testimony with reference to the result of the trial of the civil suit wherein the alleged perjury occurred was immaterial, except the citation and plea of minority as to defendant's brother.

**2.—Same—Evidence—Pleadings in Civil Suit.**

Upon trial of perjury, which grew out of a civil suit against defendant's brother, who pleaded minority, and which question the grand jury had under investigation when defendant testified before the grand jury that his brother was not more than nineteen years of age, etc., any testimony with reference to the merits of said suit, and the mortgage given by the defendant, etc., was not admissible, but defendant's plea of minority, etc., was admissible.

**3.—Same—Evidence—Grand Jurymen May Testify When.**

Where the perjury grew out of a civil suit in which defendant's brother pleaded minority, and which question the grand jury was investigating when defendant appeared before it and testified that his brother was not more than nineteen years of age, all testimony with reference thereto occurring before said grand jury was admissible in evidence.

**4.—Same—Evidence—Other Offenses and Transactions.**

Where defendant was upon trial for the offense of perjury, evidence as to other offenses for which defendant had never been prosecuted or indicted were not admissible, neither was the fact that defendant's father, who was not a witness in the case, left a certain county under suspicious circumstances.

**5.—Same—Evidence—Cross-examination.**

Where defendant, on cross-examination of the State's witness to show bias, elicited from said witness the fact that a number of other witnesses were involved in the same matter, the State had the right on redirect examination to ask the witness in regard to these others.

**6.—Same—Evidence—Acts of Third Parties.**

Where defendant's father was not a witness in the case, testimony that he had stolen a log chain some years before the trial was inadmissible.

**7.—Same—Indictment—Variance.**

Where, upon trial of perjury, the indictment was sufficient and there was no variance in the proof and the material allegations contained therein, there was no error as contended by appellant.

**8.—Same—Continuance—Practice on Appeal.**

Where the judgment is reversed and the cause is remanded upon other grounds, the overruling of the application for continuance need not be considered on appeal.

Appeal from the District Court of Parker. Tried below before the Hon. F. O. McKinsey.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lattimore, Cummings, Doyle & Bouldin* and *Hood & Shadle,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of perjury, and his punishment assessed at two years confinement in the penitentiary.

It appears from the record that appellant's brother, Ed Poulter, was sued in the Justice Court on a note, and he then filed a plea of minority, and testified he was nineteen years of age in March, 1911. The grand jury of Parker County, at the next term of the District Court, was investigating the question of Ed Poulter's age, to determine whether or not it would indict him for perjury in connection with his testimony in the Justice Court when he swore he was only nineteen years of age. Appellant was summoned before that body, and testified that his brother, Ed Poulter, was born in 1892 or 1893, consequently not more than nineteen years of age at the time Ed Poulter testified in the Justice Court. This testimony of appellant before the grand jury is the basis of the charge of perjury in this case.

Mr. H. C. Shropshire was a material witness for the State, he having been the attorney for plaintiff in the suit in the Justice Court against Ed Poulter. The State proved by him that Ed Poulter testified in the Justice Court that he was only nineteen years of age. There was no error in admitting this testimony, as it was incumbent upon the State to show that the grand jury was inquiring into an alleged violation of the law at the time appellant testified before it. If the grand jury had not been investigating an alleged violation of the law, the question asked appellant by the grand jury would not have been as to a material matter. However, the fact that after Ed Poulter had filed his plea of infancy, or minority, and testified that he was only nineteen years of age, the further fact that plaintiff withdrew his announcement and the case was continued, and thereafter plaintiff recovered a judgment on the notes and foreclosure of the mortgage lien was not admissible in this case, and neither was the judgment entry. This would and could but have the tendency to show that the plea of minority was not true, and Ed Poulter was in fact twenty-one years old at the time. Whatever decision may have been rendered in that case, could not be binding on this appellant, as he was not a party to that suit,—was not even a witness in the case. Of course, the citation and the plea filed by Ed Poulter would be admissible as showing the issues involved, and going to show the materiality of the testimony, but the result of the trial and the steps taken after Ed Poulter's testimony as to this plea, ought to have been excluded on objection of appellant.

Neither can we see what purpose the introduction of the mortgage given by Ed Poulter would serve. In this case against Walter Poulter it is not a question of whether or not the plaintiff was entitled to recover judgment against Ed Poulter. The only part of the proceedings of the Ed Poulter suit in the Justice Court which would be admissible in this case, as hereinbefore stated, would be the citation in that suit,

and this would show what issues were tendered by plaintiff. Then defendant's plea showing what issues were tendered by him, his testimony, or rather so much thereof as would show what he testified to in regard to his age. The merits of the Justice Court suit are not to be tried over in this case.

The testimony of the grand jurymen was properly admitted, and these bills present no error. The allegation in the indictment is, that a suit was pending in Justice Court against Ed Poulter; that to avoid liability on the notes he entered a plea of minority, and swore he was under twenty-one years of age, or only nineteen years; that the grand jury was investigating the truth of this testimony to determine whether or not to indict Ed Poulter for perjury; that while making such investigation, appellant, Walter Poulter, was summoned before them and duly sworn, and then testified his brother, Ed Poulter, was born in 1892 or 1893. All the testimony of these grand jurymen was admissible to show that appellant acted deliberately and wilfully in the matter, and that he did not testify through misapprehension or under agitation.

The bill of exceptions as to what Walter Poulter testified on cross-examination is not complete enough to bring that question before us on review, as only four questions and four answers are in the bill, and these would not show enough of the proceedings to enable us to pass on the matter. But as the case will be reversed, we will say that if it was an effort on the party of the State to show that appellant had left another county under suspicious circumstances, the testimony should not have been admitted. He was on trial for the offense of perjury in this case, and other offenses, if any he had ever committed in other counties under different circumstances, and for which he had never been prosecuted nor indicted, would not be admissible. Neither would the fact that his father had left Denton County at night and under suspicious circumstances be admissible. His father was not a witness in this case.

The defendant in cross-examination of State's witness Temple, to show bias, elicited from the witness that he appeared before the Commissioners Court to prevent John L. Poulter from getting a recommendation upon which to apply for license to practice law, and at the same time elicited the fact that a number of other citizens of Parker County also appeared for the same purpose. Under such circumstances it was not error to permit the State on redirect examination to ask the witness in regard to "these others" whom defendant had elicited had appeared. If defendant on another trial narrows his questions down to the witness Temple alone to attempt to show his bias, then this testimony as to other "good citizens" also appearing would be inadmissible. But if he makes his cross-examination as broad as on this trial, then there will be no error in admitting the testimony on redirect examination.

It was also error to permit the State to show by the witness Hardin that appellant's father a number of years before had taken Mr. Hardin's

log chain, and denied having possession of it. Whether or not appellant's father had stolen a log chain from Mr. Hardin would not be a legitimate inquiry in this case. He could not be held responsible for the acts and misconduct of all the members of his family. His father was not a witness in his behalf in this case, and such testimony could and would be prejudicial to his cause, for you can not show that a man's father was a thief without, to some extent at least, creating prejudice against him. If the purpose of the State was to tie the witness' memory to some circumstance after a rigid cross-examination, he might be permitted to state that he went to Mr. Poulter's to see about a log chain that was at his house, but not state facts which would tend to show that appellant's father had stolen the chain.

There are a number of other matters presented, but we do not deem it necessary to discuss them. The indictment is not subject to the objections made, and there is no variance in the proof and the material allegations contained in the indictment as contended by appellant.

The only other matter called to our attention which would present error is the application for a continuance. This being the first application, the fact that Mr. Moran's testimony would be cumulative of that of other witnesses who did appear and testify, would not render the first application insufficient in law. The application states this witness would testify to facts material to the real issue in the case,—the age of appellant's brother, at the time appellant testified before the grand jury, and that the testimony of Mr. Moran would tend to show that what he testified was true. There are other witnesses named in the application for continuance, but as this matter will not likely be presented on another trial we will not discuss it further.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*