## Jess Farley v. The State.

### No. 7581. Decided March 18, 1923.

**1.—Selling Intoxicating Liquor—Convict—Best Evidence.**

Where, upon trial of selling intoxicating liquor, defendant objected to the action of the trial court in not allowing him to ask a State witness if he had not been recently convicted in the Federal Court of illegally selling intoxicating liquor, there was no error to sustain the objection of the State upon the ground that there was better evidence.

**2.—Same—Moral Turpitude—Witness.**

Where defendant was not allowed to show that the brother of the witness had been indicted, the State showing that said brother was not a witness in the case, there is no reversible error.

**3.—Same—Evidence—Intoxicating Liquor.**

Where, upon trial of selling intoxicating liquor, the State introduced testimony of several witnesses who drank a small quantity of the liquor alleged to have been sold by defendant and testified that said liquor was intoxicating, there is no reversible error.

**4.—Same—Evidence—Flight.**

Upon trial of selling intoxicating liquor, there was no error in permitting State to show the efforts of the officers to execute upon defendant the *capias* issued in the instant case, it being shown that defendant had moved to another State, etc. ·

**5.—Same—Argument of Counsel—Husband and Wife.**[9]

Where it was not made to appear sufficiently that there was no reference in evidence to the fact that defendant had a wife, there was no reversible error in the argument of State Counsel that defendant had not used his wife to sustain his position in regard to certain defensive matters; especially in the absence of a requested charge to withdraw such argument.

Appeal from the District Court of Williamson. Tried below before the Hon. James R. Hamilton.

Appeal from a conviction of selling intoxicating liquor; penalty, three years imprisonment in the penitentiary.

*W. C. Wofford* and *Wilcox & Graves* for appellant.—On question of argument of counsel: Green v. State, 201 S. W. Rep., 182.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The testimony for the State sufficiently shows that about the date alleged in the indictment appellant sold quite a quantity of whisky to the principal State witness. In his brief appellant first presents his objection to the action of the trial court in not allowing him to ask a State witness if he had not been recently convicted in the Federal court of illegally selling intoxicating liquor. As we understand the bill of exceptions complaining of this matter, when the State offered this witness appellant desired the privilege of testing him as to his competency, and the jury being retired, appellant's counsel asked witness if he had not been convicted in the Federal court at Austin for illegally transporting intoxicating liquor, to which charge he pleaded guilty, the State objecting upon the ground that there was better evidence of the facts sought, and this objection was sustained. The ruling of the learned trial court seems entirely in harmony with the decisions. The rule applicable in a case of this kind is plain and the record evidence should have been resorted to.

No error appears in bill of exceptions No. 2 wherein complaint is made of the refusal of the trial court to allow the principal State witness to answer the question as to whether his brother Jesse had not also been indicted. The State objected upon the ground that said brother had not been used as a witness, and the bill is qualified

by the learned trial court that said brother was not used as a witness. Said bill of exceptions presents no error.

The testimony of several witnesses who drank a small quantity of the liquor alleged to have been sold by appellant, and who testified that said liquor was intoxicating, was admissible. We can not appraise the weight of an objection that a witness who took a swallow or two out of one or two jars of said liquor, had not taken enough of same to enable him to form a correct estimate as to whether it was intoxicating.

Upon the hypothesis that such testimony showed flight on the part of appellant, the State offered in testimony the efforts of the officers to execute upon him a capias issued in the instant case. It is made to appear that defendant had moved from Texas to Oklahoma. It is also shown that appellant returned to Texas and made bond herein. We do not think any injury to appellant was shown by the above testimony.

A vigorous attack is made upon the argument of the prosecuting attorney to the effect that defendant had not used his wife to sustain his position in regard to certain defensive matters, or used her to disprove certain criminating matters. The language of said State's attorney is set out in the bill of exceptions is as follows: "The testimony shows he (the defendant) has a wife, why didn't he bring her here, why didn't he show by her when he was in Beeville; she is not here; I tell you his wife could have shown you where he was, but she is not here—Why didn't he bring her here?"

In stating the grounds of his objections to said argument appellant uses the following language: "The defendant had offered among other things in the defense in this cause that he was not residing at Taylor in Williamson county, during the latter part of October, and all of the month of November, 1921, but was in Beeville, in Bee County, Texas. It also appeared that the defendant's wife was not present with him upon the trial of this cause, and her name had not been mentioned by anyone previous to the closing argument of the district attorney and the district attorney in his closing argument made the following statement:"

We are of opinion that this does not sufficiently show that there was no reference in testimony to the fact that appellant had a wife. It might abundantly appear from the testimony that appellant had a wife without any mention at all of her name. Furthermore, if the State's attorney was under the belief that the testimony in the case showed that appellant had a wife and he should refer to that fact in his argument, in language similar to that appearing above, if appellant was of the opinion that such conclusion of the State's attorney was unwarranted by the testimony he might have then insisted that the State's attorney was in error and have presented to the trial court a request for an instruction to the jury not to consider

such argument. The record before us presents no request for such instruction. We regret our inability to agree with learned counsel for appellant that in this or his other contentions appears reversible error.

No error appearing, an affirmance is ordered.

*Affirmed.*