## I. D. SMITH AND J. M. EVANS V. THE STATE.

No. 10655.   Delivered February 23, 1927.

1.—Transporting Intoxicating Liquor — Evidence — Animus of Witness — Proper to Be Shown.

Where, on a trial for transporting intoxicating liquor, the state witness, Mrs. Tom Rayburn, having testified to incriminating facts against appellant, he should have been permitted to show on cross-examination of said witness that she had animus, ill-will and bad feeling toward appellant.

2.—Same—Continued.

Even though the witness admits bias or prejudice, the extent of it may be shown, and great latitude is allowed the defendant in showing any fact which would tend to establish ill-feeling, bias, motive, or animus on the part of any witness testifying against him.   Nor is it necessary that a predicate be laid to make such testimony admissible.   See Sherley v. State, 72 Tex. Crim. Rep. 665; Edwards v. State, 172 S. W. 232; also Sec. 163, pp. 93, 94 and 95, Branch's P. C.

Appeal from the District Court of San Augustine County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary against each of the appellants.

The opinion states the case.

S. M. Adams and R. A. McAlester, for appellant.   On animus of witness, appellants cite:   Mason v. State, 7 Tex. Crim. App. 623; Ariola v. State, 284 S. W. 935; Sap v. State, 77 S. W. 456; Gelber v. State, 120 S. W. 863; Burnett v. State, 112 S. W. 79; Zarefonetis v. State, 198 S. W. 938; Deshear v. State, 190 S. W. 729, and Moore v. State, 144 S. W. 598.

Sam D. Stinson, State's Attorney, and Robert M. Lyles, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—Appellants were convicted of the offense of unlawfully transporting intoxicating liquor, and the punishment of each was assessed at confinement in the penitentiary for one year.

The witness, Mrs. Tom Rayburn, testified that she knew the appellants personally; that she was an aunt of the appellant, I. D. Smith; that she saw the appellants at her house on the day the offense is alleged to have been committed; that they were in a car; that she saw the appellants with intoxicating liquor there at her house; that she saw some of the liquor in a jug that looked like a gallon jug; that she saw one of the boys pour some of the liquor out into a bottle, and saw one of them pour the liquor out of the bottle into a cup; that they poured the liquor into a cup for her father, who was standing at the car at the time, and her father handed the cup to her and asked her to set it up in the house for him the next morning.

Tom Rayburn, a witness for the state, testified that he found some whiskey on his place and drank some of it and, in his judgment, it was intoxicating liquor; that the appellant, I. D. Smith, came to his house on the evening the alleged offense was committed; that I. D. Smith, one of the appellants, was under the influence of intoxicating liquor when he saw him; that he saw the other appellant, J. M. Evans, who was sitting in the car.

Dave Evans testified for the state that he knew the appelants; that he saw them about a mile and a half from Sturges going south in the direction of Tom Rayburn's place; that he told them they had better go on and behave themselves; that they were trying to get Ernest Carroll to drink some shinny; that they offered witness some and he drank it; that it was intoxicating; that the appellant, I. D. Smith, was driving the car; that the appellant, J. M. Evans, and Ed Evans were in the car; that he saw them with about half a pint of whiskey; that they had a row with Ernest Carroll; that the appellant, J. M. Evans, had an automatic shotgun, and Ed Evans had a single-barreled shotgun. This witness further testified that there was ill-feeling between him and the appellants; that appellant, J. M. Evans, was his nephew, and the appellant Smith his first cousin; that some time prior to the trial he had a quarrel with the appellant Smith about a horse and wagon; that the trouble came up about a note in the bank; that he had been mad with him since that time; that he, the witness, had been to the penitentiary.

The record discloses the existence of considerable animosity and ill-feeling between the witnesses for the state and the appellants.

Bill of exception No. 1 shows that while the witness, Mrs. Tom Rayburn, was being cross-examined by the appellants, the following question was propounded to her, "Have you and his wife (meaning wife of I. D. Smith) ever had any words?" The witness, if permitted, would have answered the question in the affirmative. This evidence was offered for the purpose of proving the existence of animus, ill-will, and bad feeling of the witness toward appellants, but was excluded by the court on objection of the state.

Bills of exception Nos. 4, 5, 6 and 7 all relate to the same question raised by this bill and are of similar import.

The record discloses that there was more or less a feeling of ill-will and animus existing between the witnesses for the state and the appellants.

We are of the opinion that in the light of all the testimony in this case that the court fell into error in declining to permit the evidence complained of in the several bills of exception to go to the jury. All of this evidence tended to show the ill-feeling and motive and bias of the prosecuting witnesses against appellants. Anything that tends to show ill-feeling, bias and motive of a witness is competent evidence. The motives which operate on the mind of a witness when he testifies are never immaterial, and the adverse party may prove acts and declarations of the witness that tend to show ill-feeling, bias, motive and animus. Even though the witness admits bias or prejudice, the extent of it may be shown. Great latitude is allowed defendant in showing any facts which would tend to establish ill-feeling, bias, motive and animus upon the part of any witness or witnesses testifying against him, and we are unable to find any case that holds he must first lay a predicate by asking the witness if he has any such animus toward the defendant and, if witness admits the existence of such that ends the matters, and that proof of particular acts tending to show animus are only admissible upon the witness denying the existence of animus. Sherley v. State, 72 Tex. Crim. Rep. 665, 163 S. W. 708; Edwards v. State, 172 S. W. 232 (motion for rehearing) ; Sec. 163, at pp. 93, 94 and 95, of Branch's Penal Code.

For the errors pointed out above, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.