NO. 07-04-0396-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 4, 2005
_____

STEPHEN SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2  OF SMITH COUNTY;

NO. 002-83734-03; HON. RANDALL LEE ROGERS, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Stephen Smith (appellant) appeals his conviction for theft.  His sole issue involves the refusal of the trial court to allow him to question three State witnesses about possible bias favoring the State.[1]  We reverse the judgment.

As previously mentioned, appellant was being tried for theft.  He purportedly stole a display case containing pseudoephedrine from the Karr Express convenience store.  According to the appellate record, the store clerk could not identify him as the culprit.  Nor could anyone else identify the thief save for three individuals, Bradley Smith (a relative and

_____

[1]The State did not favor this court with a brief.

acquaintance of appellant), his fiancé Jennifer Carping, and Jennifer's brother Clifton Carping. The three allegedly had ridden in a car with appellant to the convenience store and saw him leave with the stolen merchandise. So too were they related to or in the process of becoming related to Melissa Novak. Jennifer and Clifton were the children of Novak while Bradley was engaged to marry Jennifer (who was also his cousin and mother of his children). Moreover, the State had recently convicted Novak of possessing a controlled substance, and she awaited sentencing during the time of appellant's trial.

Next, when appellant made effort to question the three witnesses about their relationship to Novak, her circumstances, and the influence, if any, those matters had on their testimony, the State objected. The objections were considered by the trial court outside the presence of the jury. Furthermore, the trial court permitted appellant to ask questions to the witnesses for purposes of determining whether their testimony was relevant to show bias or prejudice favoring the State. While both Jennifer and Clifton unequivocally denied any relationship between their testimony and their mother's situation, Bradley did not. Instead, when asked, ". . . [D]on't you think it would be good for [Novak] if the prosecutor's office thinks you cooperated," he answered, "[Y]es, sir." Despite this response, the trial court sustained the prosecutor's objections and barred appellant from broaching the subject before the jury.

Our Court of Criminal Appeals has recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Maxwell v. State*, 48 S.W.3d 196, 199 (Tex. Crim. App. 2001), *citing Davis v. Alaska*, 415 U. S. 308, 94 S.Ct. 1105, 39 L. Ed.2d 347 (1974). Furthermore, according to that court, jurors are entitled to have the benefit of the defense theory before

2

them so that they can make an informed decision regarding the weight to accord the witness' testimony even though they may ultimately reject the theory. *Id.* So, for some time now, it has been held that both parties to a criminal proceeding have "great latitude to show any fact which would or *might tend* to establish ill feeling, bias, motive and animus on the part of [a] witness." (Emphasis added). *London v. State*, 739 S.W.2d 842, 846 (Tex. Crim. App. 1987); *Adair v. State*, No. 12-01-0256-CR, 2002 LEXIS 3854 at *3-4 (Tex. App.–Tyler, March 22, 2002, no pet.) (not designated for publication) (holding that a defendant is entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias or interest of a witness and may elicit any fact from a witness intended to demonstrate a witness' vulnerable relationship with the State). And, though the trial court's discretion in the area is broad, it is "not without limits." *London v. State*, 739 S.W.2d at 846.

Next, the desire to expose potential bias often involves a witness testifying while criminal charges pend against him. *See e.g. Maxwell v. State*, *supra* (involving a witness who was on "deferred adjudication probation"). Yet, the same considerations exist when someone other than the witness faces criminal prosecution. For instance, it may be the witness' brother, as in *London*. And, while *London* dealt with the right of the State to delve into the bias and prejudice of a defense witness, we find its language informative. There, the Court of Criminal Appeals held that the party attempting to elicit the information must establish its relevance. *London v. State*, 739 S.W.2d at 847. In other words, the question which must be determined is whether there exists a nexus between the criminal problems to which the third party is exposed and the witness' testimony. *Id.* at 846. And, if such a

link exists, then the testimony is relevant and the party should be allowed to develop it for consideration by the factfinder.

Assuming *arguendo* that the relationship between 1) Jennifer, Clifton, and Novak and 2) the evidence of Novak's circumstance may not have been enough to illustrate the requisite link, that was not the only evidence before the trial court. The latter had also heard the comments of Bradley, Jennifer's cousin, fiancé, and father of her children. Additionally, he admitted that it would be "good for [Novak] if the prosecutor's office [thought he] cooperated" with the State. This response clearly evinces potential motivation for testifying favorably for the State, irrespective of whether he actually was so motivated. And, to this we add the undisputed evidence of both Bradley's familial relationship with Novak's daughter, son and Novak herself. Finally, that there may have been no agreements or deals between the State and Novak regarding her punishment is alone not determinative, according to the Court of Criminal Appeals. *Maxwell v. State*, 48 S.W.3d at 199, *citing Carroll v. State*, 916 S.W.2d 494 (Tex. Crim. App. 1996).

In short, the evidence presented to the trial court sufficiently illustrated a link, at the very least, between Bradley's testimony and Novak's pending criminal prosecution. Moreover, while the factfinder may ultimately assign little weight to the evidence of that link, not only was it entitled to hear about it, *Maxwell v. State*, *supra*, but also appellant was entitled to present it. Again, both parties must be afforded "great latitude to show any fact which would or *might tend* to establish ill feeling, bias, motive and animus on the part of [a] witness," even in view of the trial court's broad, yet not unbounded, discretion. (Emphasis added). *London v. State*, 739 S.W.2d at 846. Consequently, we hold that the trial court erred in refusing to grant appellant the opportunity to cross-examine Bradley, Jennifer, and

4

Clifton (before the factfinder) about their relationship with Novak, her pending criminal prosecution, and its potential effect on their testimony in appellant's trial.

Having found that the trial court erred, we must also determine whether the error was harmful. We conclude that it was since the only evidence of record identifying appellant as the thief came from Bradley, Jennifer, and Clifton; and the State did not deny that. So, to the extent that Bradley acknowledged a potential link between his cooperation with the State at appellant's trial and the outcome of Novak's own criminal prosecution and given the relationship between Bradley, Jennifer, Clifton, and Novak, the jury was denied opportunity to make an informed decision about whether to believe their testimony.

Accordingly, we sustain appellant's issue, reverse the judgment of the trial court and remand the cause for further proceedings.

Brian Quinn
Justice

Publish.