**Opinion issued May 16, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00554-CR

————————————

**BENJAMIN HARRISON BAKER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law #13**
**Harris County, Texas**
**Trial Court Cause No. 1789616**

## MEMORANDUM OPINION

A jury convicted Benjamin Harrison Baker of assault on a family member. *See* TEX. PENAL CODE ANN. 22.01(a)(1) (West 2011). The trial court assessed punishment at one year of confinement, but probated the sentence and placed Baker on community supervision for two years. On appeal, Baker contends that the

trial court violated his constitutional right to confront a witness against him and abused its discretion when it refused to permit him to cross-examine his wife about the details of their pending divorce. We hold that Baker waived any objection under the Confrontation Clause by not raising it in the trial court. We further hold that the trial court did not err in limiting Baker's cross-examination. We affirm.

## Background

In October 2011, during an argument about their young son, Baker hit his wife in the head, shook her head, and then hit her three to five times on her backside with a belt. A few days later, while Baker was out of town, his wife called a friend and her brother to whom she disclosed the assault. The next day, her parents picked her up and brought her to their home in Waco, whereupon she consulted with a divorce attorney. The next week, after returning to Houston, she reported the assault to the police. She later filed for divorce.

Baker's defensive theory was that his wife fabricated the assault story after she had decided to file for divorce, because it would benefit her legal position in the divorce proceedings. The trial court permitted Baker to elicit testimony from his wife that she had filed for divorce and that, in the divorce proceeding, she had alleged that Baker was the cause of the breakup of their marriage. It also permitted testimony that Baker's wife thought that she would be awarded custody of their child, because she was the safer parent. Baker then attempted to ask his wife

whether a conviction in this criminal case would benefit her in the divorce proceedings, but the trial court refused to permit further cross-examination.

## Discussion

### I.    Confrontation Clause

Baker contends that the trial court's refusal to permit him to cross-examine his wife further about her potential bias violated his confrontation rights under the Sixth Amendment of the United States Constitution. A timely and reasonably specific objection is required to preserve error for appellate review. An objection must comport with the issue raised on appeal. *Fuller v. State*, 827 S.W.2d 919, 928 (Tex. Crim. App. 1992); *Smith v. State*, 236 S.W.3d 282, 291 (Tex. App.—Houston [1st Dist.] 2007, pet ref'd). If an objection made in the trial court differs from the complaint raised on appeal, the defendant has not preserved any error for review. *Butler v. State*, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994) (en banc).

In the trial court, Baker objected to the trial court's refusal to permit further cross-examination about the divorce based on Texas Rule of Evidence 613(b), but he did not raise a Confrontation Clause objection. Hence, Baker has waived any Confrontation Clause argument on appeal. *See id.* (holding that "appellate arguments must correspond with the objection at trial" and if they do not, then error is not preserved); *Smith*, 236 S.W.3d at 291. We thus turn to Baker's contentions regarding Texas Rule of Evidence 613(b).

## II.    Rule 613(b)

*Standard of Review*

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). A trial court does not abuse its discretion if some evidence supports its decision. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *See De la Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

*Analysis*

Texas Rule of Evidence 613(b) permits the admission of "proof of circumstances or statements showing bias or interest" of a witness. TEX. R. EVID. 613(b). "Parties are allowed great latitude to show 'any fact which would or might tend to establish ill feeling, bias, motive and animus on the part of the witness.'" *Carpenter v. State*, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998) (quoting *London v. State*, 739 S.W.2d 842, 846 (Tex. Crim. App. 1987)); *see Smith*, 236 S.W.3d at 291. The fact that a witness is a party to a related civil action against the defendant is admissible as tending to show a bias of the witness. *Cox v. State*, 523 S.W.2d

695, 700 (Tex. Crim. App. 1975). The witness's involvement in a related civil action against the defendant is sufficient. *See id.*; *Bigby v. State*, 892 S.W.2d 864, 887 (Tex. Crim. App. 1994). Once the basis of the civil suit and any pecuniary or other interest of the witness in the suit are known to the jury, it is not error to refuse to admit further details of the civil proceedings. *See Cox*, 523 S.W.2d at 700. A trial court may permissibly limit the scope of cross-examination to prevent harassment, prejudice, confusion of the issues, harm to the witness, and repetitive or marginally relevant interrogation. *Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996); *see* TEX. R. EVID. 403.

Applying these principles, we find no abuse of discretion. The trial court permitted Baker to elicit testimony from his wife that she was seeking a divorce against Baker, and that she believed that Baker was the cause of the breakup of their marriage. It further permitted Baker to elicit testimony that his wife thought she would receive custody of the child in the divorce proceedings, because she was the safer parent. The jury heard that Baker and his wife were in the midst of a potentially acrimonious divorce, in which his wife had a pecuniary interest, and that she sought custody of the child. *See Cox*, 523 S.W.2d at 700. Because the jury heard the fact of the pending divorce and his wife's interest in prevailing in that action, the trial court did not err in refusing to permit further cross-examination about the divorce proceedings. *See id.*; *see also Carroll*, 916 S.W.2d at 497.

## Conclusion

We hold that Baker waived his Confrontation Clause claim. We further hold that the trial court did not abuse its discretion in limiting cross-examination about the details of the divorce proceeding. Accordingly, we affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).