NO. 07-04-0441-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 30, 2004



______________________________




IN RE MICHAEL LOU GARRETT, RELATOR



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Michael Lou Garrett requests issuance of writ of mandamus directing the
District Clerk of Potter County to locate, file and bring to the attention of the District Judge
of the 181st District Court a Motion for Temporary Restraining Order and Preliminary
Injunction. Relator also requests that the district judge be included in the writ of mandamus
and that we direct the judge to immediately rule on the Motion. We dismiss as to the
District Clerk and decline to issue writ to the District Judge. 

 Pursuant to Tex. Gov't. Code Ann. § 22.221 ("TGCA"), a court of appeals has
jurisdiction to issue writs of mandamus (1) to enforce its jurisdiction; or (2) against certain
judges of or acting within the district of the court of appeals. TGCA §§ 22.221(a),(b). 

 Relator does not claim that his petition seeks relief designed to enforce this court's
jurisdiction. Thus, this court does not have jurisdiction to issue a writ of mandamus to the
district clerk, and relator's petition seeking a writ directed to the District Clerk of Potter
County is dismissed for want of jurisdiction. 

 As to relator's seeking issuance of a writ of mandamus directed to the judge of the
181st District Court, relator must satisfy three requirements to show entitlement to the writ:
(1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. See
Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). A court is not required to consider
a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied). Even showing that a motion was filed with the court
clerk does not constitute proof that the motion was brought to the trial court's attention or
presented to the trial court with a request for a ruling. See In re Chavez, 62 S.W.3d 225,
228 (Tex.App.--Amarillo 2001) (orig. proceeding). 

 Relator does not assert that demand has been made upon the judge of the 181st
District Court for action on the motion referenced, or that the judge has refused to act. 
Accordingly, the petition for writ of mandamus as to the district judge is denied. 



 Phil Johnson

 Chief Justice



 




according to that court, jurors are entitled to have the benefit of the defense theory before
them so that they can make an informed decision regarding the weight to accord the
witness' testimony even though they may ultimately reject the theory. Id. So, for some
time now, it has been held that both parties to a criminal proceeding have "great latitude
to show any fact which would or might tend to establish ill feeling, bias, motive and animus
on the part of [a] witness." (Emphasis added). London v. State, 739 S.W.2d 842, 846
(Tex. Crim. App. 1987); Adair v. State, No. 12-01-0256-CR, 2002 Lexis 3854 at *3-4 (Tex.
App.-Tyler, March 22, 2002, no pet.) (not designated for publication) (holding that a
defendant is entitled to pursue all avenues of cross-examination reasonably calculated to
expose a motive, bias or interest of a witness and may elicit any fact from a witness
intended to demonstrate a witness' vulnerable relationship with the State). And, though the
trial court's discretion in the area is broad, it is "not without limits." London v. State, 739
S.W.2d at 846.

 Next, the desire to expose potential bias often involves a witness testifying while
criminal charges pend against him. See e.g. Maxwell v. State, supra (involving a witness
who was on "deferred adjudication probation"). Yet, the same considerations exist when
someone other than the witness faces criminal prosecution. For instance, it may be the
witness' brother, as in London. And, while London dealt with the right of the State to delve
into the bias and prejudice of a defense witness, we find its language informative. There,
the Court of Criminal Appeals held that the party attempting to elicit the information must
establish its relevance. London v. State, 739 S.W.2d at 847. In other words, the question
which must be determined is whether there exists a nexus between the criminal problems
to which the third party is exposed and the witness' testimony. Id. at 846. And, if such a
link exists, then the testimony is relevant and the party should be allowed to develop it for
consideration by the factfinder. 

 Assuming arguendo that the relationship between 1) Jennifer, Clifton, and Novak
and 2) the evidence of Novak's circumstance may not have been enough to illustrate the
requisite link, that was not the only evidence before the trial court. The latter had also
heard the comments of Bradley, Jennifer's cousin, fiancé, and father of her children. 
Additionally, he admitted that it would be "good for [Novak] if the prosecutor's office
[thought he] cooperated" with the State. This response clearly evinces potential motivation
for testifying favorably for the State, irrespective of whether he actually was so motivated. 
And, to this we add the undisputed evidence of both Bradley's familial relationship with
Novak's daughter, son and Novak herself. Finally, that there may have been no
agreements or deals between the State and Novak regarding her punishment is alone not
determinative, according to the Court of Criminal Appeals. Maxwell v. State, 48 S.W.3d at
199, citing Carroll v. State, 916 S.W.2d 494 (Tex. Crim. App. 1996). 

 In short, the evidence presented to the trial court sufficiently illustrated a link, at the
very least, between Bradley's testimony and Novak's pending criminal prosecution. 
Moreover, while the factfinder may ultimately assign little weight to the evidence of that link,
not only was it entitled to hear about it, Maxwell v. State, supra, but also appellant was
entitled to present it. Again, both parties must be afforded "great latitude to show any fact
which would or might tend to establish ill feeling, bias, motive and animus on the part of [a]
witness," even in view of the trial court's broad, yet not unbounded, discretion. (Emphasis
added). London v. State, 739 S.W.2d at 846. Consequently, we hold that the trial court
erred in refusing to grant appellant the opportunity to cross-examine Bradley, Jennifer, and
Clifton (before the factfinder) about their relationship with Novak, her pending criminal
prosecution, and its potential effect on their testimony in appellant's trial.

 Having found that the trial court erred, we must also determine whether the error
was harmful. We conclude that it was since the only evidence of record identifying
appellant as the thief came from Bradley, Jennifer, and Clifton; and the State did not deny
that. So, to the extent that Bradley acknowledged a potential link between his cooperation
with the State at appellant's trial and the outcome of Novak's own criminal prosecution and
given the relationship between Bradley, Jennifer, Clifton, and Novak, the jury was denied
opportunity to make an informed decision about whether to believe their testimony.

 Accordingly, we sustain appellant's issue, reverse the judgment of the trial court
and remand the cause for further proceedings. 


 Brian Quinn 

 Justice


Publish.
1. The State did not favor this court with a brief.