02-10-496-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00496-CR

 

 


 
 
 Richard Scott Shafer
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Introduction

          A
jury found Appellant Richard Scott Shafer guilty of continuous sexual abuse of
a child, aggravated sexual assault of a child, and indecency with a child, and
assessed his punishment at thirty, ten, and ten years’ confinement,
respectively, with the two ten-year sentences probated.  The trial court
sentenced Appellant accordingly, ordering the sentences to run consecutively. 
In two points on appeal, Appellant asks us to declare a portion of the
continuous sexual abuse statute unconstitutional and to hold that the trial
court violated Appellant’s constitutional right to confront witnesses against
him by excluding hearsay he offered to impeach the complainant’s mother.  We
affirm.

Constitutional
Complaint in Charge-Claim Clothing

          In
Appellant’s first point he asserts that the trial court’s guilt-innocence charge
on continuous sexual abuse erroneously tracked section 21.02(d) of the penal
code, which provides in pertinent part, that

[M]embers of the jury
are not required to agree unanimously on which specific acts of sexual abuse
were committed by the defendant or the exact date when those acts were
committed.  The jury must agree unanimously that the defendant, during a period
that is 30 or more days in duration, committed two or more acts of sexual
abuse.

Tex.
Penal Code Ann. § 21.02(d) (West 2011).  The court’s charge
instructed the jury that with regard to the continuous sexual abuse count that

[M]embers of the jury
are not required to agree unanimously on which specific acts of sexual abuse
were committed, if any, by the defendant or the exact date those acts, if any,
were committed.  The jury must agree unanimously that the defendant, during a
period that is 30 or more days in duration, committed two or more acts of
sexual abuse, if any were committed.

          Appellant
objected to this paragraph on the grounds “that the jury should be instructed
that they should agree unanimously on specific acts, if any.”  And when the trial
court pointed out that the paragraph tracked the statute, Appellant persisted:  “We
still object.”

          Jury
charge complaints need not be preserved with an objection.  Whether a defendant
objects to the charge has no effect, therefore, on whether his complaint is
preserved; rather it simply determines which harm analysis a reviewing court
undertakes should the court uncover an error in the charge.  Abdnor v.
State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh=g);
see Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); Hutch v. State,
922 S.W.2d 166, 171 (Tex. Crim. App. 1996); see also Sakil v. State, 287
S.W.3d 23, 25–26 (Tex. Crim. App. 2009); Barrios v. State, 283 S.W.3d
348, 350 (Tex. Crim. App. 2009).

          Constitutional
challenges to a statute, however, do not enjoy this exemption from preservation
requirements and, generally, are forfeited by failure to object at trial.  Curry
v. State, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); see also
Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).  The constitutionality
of a statute as applied must be raised in the trial court to preserve error.  Curry,
910 S.W.2d at 496; see Flores v. State, 245 S.W.3d 432, 437 n.14 (Tex.
Crim. App. 2008) (noting the “well-established requirement that appellant must
preserve an ‘as applied’ constitutional challenge by raising it at trial”). 
And a defendant may not raise for the first time on appeal a facial challenge
to the constitutionality of a statute.  Karenev v. State, 281 S.W.3d
428, 434 (Tex. Crim. App. 2009).[2]

          Appellant
drapes his complaint in a jury-charge-error claim[3]
through which is plainly visible a bare challenge to the constitutionality of
section 21.02(d).  In the first line of Appellant’s “Argument and Authorities”
he promises to “demonstrate that the statute” violates “Article 5, Section 13
and Article 1, Section 19 of the Texas Constitution and the 5th and 14th
Amendments of the United States Constitution.”

          The
remainder of his argument section follows this premise, purports to keep the
promise, and harmonizes with all that precedes it except the heading about the
trial court erring in overruling the objection to the charge.  Appellant admits
that section 21.02(d) “is the source” of his complaint.  He distinguishes a
United States Supreme Court case which he says upheld a challenge to Arizona’s
murder statute and jury instructions that did not require unanimity on mental
states.  He acknowledges cases from our sister courts—Martin v. State,
335 S.W.3d 867 (Tex. App.—Austin 2011, pet. ref’d); Jacobsen v. State,
325 S.W.3d 733 (Tex. App.—Austin 2010); and Render v. State, 316 S.W.3d
846 (Tex. App.—Dallas 2010, pet. ref’d), cert. denied, 131 S. Ct. 1533
(2011)—all of which rejected challenges to the statute; but he argues that these
cases were “wrongly decided and should be reexamined under the Constitutional
lens.”[4]  He invites us to follow
a Hawaii court’s holding that juror unanimity is constitutionally required, and
he closes by imploring that we declare section 21.02(d) offensive to due
process and due course of law provisions of the United States and Texas
constitutions, respectively, as well as those constitutions’ unanimity
requirements.

          Having
read Appellant’s argument in his first point, we are not persuaded that it is
actually a claim of jury-charge error.  See Estrada v. State, 313 S.W.3d
274, 305–06 (Tex. Crim. App. 2010), cert. denied, 131 S. Ct. 905 (2011). 
Rather, we see it as a plain challenge to the constitutionality of section
21.02(d) of the penal code.

          As
such, the claim does not evade the rules of error preservation.  Although Appellant
orally moved to quash the continuous sex abuse count on the day of trial, he
did not assert that the count should be quashed because the statute is
unconstitutional.[5]   Nor did he file a
motion for new trial.  Nor, when he objected to the charge did he inform the
trial court that he believed the statute constitutionally infirm.[6] 
Accordingly, because Appellant did not assert before the trial court any
constitutional infirmity within the statute, we hold that Appellant has
forfeited his claim for review and we overrule his first point.  See Karenev,
281 S.W.3d at 434; Flores, 245 S.W.3d at 437 n.14; Curry, 910
S.W.2d at 496; Carmell v. State, 331 S.W.3d 450, 460 (Tex. App.—Fort
Worth 2010, pet. ref’d), cert. denied, 132 S. Ct. 409 (2011).

Does the Confrontation
Clause Require Admission

of Multi-Level Hearsay?

          In
his second point, Appellant complains that the trial court did not let him
impeach the complainant and her mother with hearsay.

          The
eleven-year-old complainant testified that over a course of years from the time
she was seven, Appellant would set her astride him and penetrate her sexual
organ with his.  The complainant’s mother testified that the complainant
outcried to her when the complainant was ten years old after the mother and
Appellant had finally separated and when the complainant was assured that he
would not be returning.

          Appellant
made an offer of proof through his second wife, Jennifer Dennison, that, around
2005, someone from child protective services (CPS), whom she could not name,
telephoned her to inform her that allegations had been made that Dennison, Dennison’s
daughter, and Appellant had molested the complainant.  According to Dennison,
this unnamed person said that she had interviewed all of the involved children
and that no child had made an outcry.  Dennison also testified that the worker would
neither confirm nor deny that the complainant’s mother had made the allegations
but suggested that she may have been upset about her divorce from Appellant.  Appellant
and the State agreed that nothing in the CPS records supplied by the State to
Appellant under court order supported Dennison’s proffer.  The trial court sustained
the State’s hearsay and relevancy objections and excluded the testimony.

          Appellant
made a second proffer through his own testimony that essentially corroborated
Dennison’s.  The trial court stood by its original ruling and did not allow this
testimony in either.

          We
review the trial court’s decision to exclude evidence under an abuse of
discretion standard.  Martinez v. State, 327 S.W.3d 727, 736 (Tex. Crim.
App. 2010); Lozano v. State, ___S.W.3d___, No. 02-09-00296-CR, 2012 WL
254103, at *24 (Tex. App.—Fort Worth Jan. 26, 2012, no pet.).  The trial court
does not abuse its discretion unless its determination lies outside the zone of
reasonable disagreement.  Martinez, 327 S.W.3d at 736.

          Appellant
contends that the trial court abused its discretion because its ruling violated
his right to confront witnesses as guaranteed by the Sixth and Fourteenth
Amendments of the United States Constitution and Article I, Section 10 of the
Texas constitution.

          The
unnamed declarant’s statement that someone had made child-molestation
allegations against Dennison, her daughter, and Appellant is inadmissible hearsay
because it is an out-of-court-statement offered for the truth of the matter
asserted; that is, that someone made child-abuse allegations against Dennison
and her family to CPS.  See Tex. R. Evid. 801, 802.  Moreover, it is hearsay
of more than one level.  At the first level is a statement from an unknown
source to the effect that someone molested a child.  At the second level is the
unknown CPS worker’s relaying this unsourced statement to Dennison through the
worker’s statement indicating that someone had brought allegations of
molestation.

          Appellant
did not argue before the trial court and does not argue now that any hearsay
exception applies, much less that an exception applies at each level of hearsay. 
Essentially, his argument is that the Confrontation Clause trumps the rules of
evidence and requires the admission of multiple hearsay in the case before us.

          It
is ironic that Appellant’s position invokes a clause created to bar hearsay to
now allow it.  But as we do not rely on literary devices to decide if a
position has merit, to determine whether there is any merit to Appellant’s
position we turn to the cases he cites as support.

          He
first cites Davis v. Alaska, 415 U.S. 308, 94 S. Ct. 1105 (1974).  In that
case, the Supreme Court took up the issue whether the Confrontation Clause
requires that a defendant in a criminal case be allowed to impeach the
credibility of a prosecution witness by cross-examination directed at possible
bias deriving from the witness’s probationary status as a juvenile delinquent
when such impeachment would conflict with a State’s asserted interest in
preserving the confidentiality of juvenile adjudications of delinquency.  Id.
at 309, 94 S. Ct. at 1107.  Noting that the cases construing the Confrontation Clause
hold that a primary interest it secures is the right of cross-examination, Id.
at 315, 94 S. Ct. at 1110 (citing Douglas v. Alabama, 380 U.S. 415, 418,
85 S. Ct. 1074, 1076 (1965)), the Davis court held that in the
circumstances of that case, the Sixth and Fourteenth Amendments conferred the
right to cross-examine a particular prosecution witness about his delinquency
adjudication for burglary and his status as a probationer.  Id. at 321,
94 S. Ct. at 1112 (Stewart, J., concurring).  Here, the issue is not whether
the trial court prevented Appellant’s cross-examination of a witness with a
juvenile rap sheet; Appellant thoroughly cross-examined the complainant and her
mother, and he has not argued that Davis is, nor do we read it as, a
license for the admission of anonymous hearsay during direct examination of a
witness for the defense.

          Appellant
next acknowledges that rule 608(b) of the Texas Rules of Evidence prohibits
evidence of specific acts to impeach a witness.  Citing Carroll v. State,
916 S.W.2d 494, 501 (Tex. Crim. App. 1996), however, he argues that despite
this rule of evidence, there are circumstances where evidentiary rules of
evidence must give way to constitutional considerations.  In Carroll,
the court of criminal appeals held that a trial court abused its discretion by
preventing the defendant from cross-examining a State’s witness about pending
criminal charges.  Id. at 500.  The court also observed that in the
event of a conflict between the rules of evidence and the constitutional right
of confrontation, the latter would prevail.  Id. at 501.  Although we
cannot deny that the rules of evidence must at times give way to the
Confrontation Clause, Appellant does not explain to us how this is one of those
times.  Moreover, as with Davis, we do not read Carroll to stand
for the proposition that the Confrontation Clause mandates the admission of
anonymous hearsay through direct examination of a witness for the defense.

          Appellant
quotes the following passage from Billodeau v. State, 277 S.W.3d 34, 42–43
(Tex. Crim. App. 2009) (quoting London v. State, 739 S.W.2d 842, 846
(Tex. Crim. App. 1987)):

The possible animus,
motive, or ill will of a prosecution witness who testifies against the
defendant is never . . . collateral or irrelevant . . . and the defendant is
entitled, subject to reasonable restrictions, to show any relevant fact that
might tend to establish ill feeling, bias, motive, interest, or animus on the
part of any witness testifying against him.

Id.

          As
discussed below, the evidence Appellant sought to admit had no probative value
to impeach the credibility of the complainant or her mother in this case. 
Moreover, Appellant has not shown us how the rules prohibiting hearsay are not
“reasonable restrictions” on a defendant’s entitlement to show facts tending to
establish bias on the part of a complaining witness.  See id.

          Finally,
Appellant also cites Lopez v. State, 18 S.W.3d 220, 225 (Tex. Crim. App.
2000), for the proposition that in a case involving a typical “swearing match” between
a complainant and a defendant, the need to impeach the complainant with
evidence that may otherwise violate rule 608(b) is “heightened.”  Rudolfo Lopez
was convicted of aggravated sexual assault of a child and indecency with a child. 
Id. at 221.  During trial, the defense attempted to introduce evidence
that the complainant had previously accused his mother of physical abuse.  Id.
at 222.  The court of appeals reversed, holding that the Confrontation Clause
demands that the evidence should have been admitted.  Id.  In reversing
the court of appeals, the court of criminal appeals held that despite the “heightened
need” to impeach the complainant’s credibility, evidence that the complainant
had once accused his mother of physical abuse would not have achieved that
goal.  Id. at  225.  For one thing, the court reasoned, no evidence was
offered to show that the earlier accusation was false.  Id.  For
another, the court noted that the allegation that the complainant’s mother had
thrown him against a washing machine had almost nothing in common with the
complainant’s accusing Lopez of forcing him to perform oral sex.  Id. at
226.  The court held that absent proof of the falsity of the prior accusation
or its similarity with the later one, the evidence had no probative value in
impeaching the complaint’s credibility.  Id.

          Similarly,
here, assuming the record demonstrates that a prior accusation was made, it
does not demonstrate that the accusation was false.  Both sides agreed that
there were no CPS records documenting the allegation.  The witness relaying the
accusation could not remember who told her about it.  The complainant’s mother
denied it, and the complainant was never asked about it.  Even if it was made,
from the record it appears that the prior complained-of act was, if anything, a
possible inadvertent touching while giving the young complainant or her
siblings a bath.  In contrast, the evidence against Appellant at trial showed
that he made the complainant sit astride him, held her lower back with his
hands, and made her “swirl” around on him as he penetrated her with his sexual
organ.  There is nothing from this evidence to indicate inadvertence or an
innocent touching such as may occur while giving a small child a bath.  The two
accusations, if there were two, are sufficiently dissimilar that the trial
court could have reasonably concluded that the alleged prior accusation had no
probative value in impeaching the credibility of either the complainant or her
mother.  Under these circumstances, we decline to hold that the trial court
abused its discretion by excluding the proffered testimony.  Accordingly, we
overrule Appellant’s second point.

Conclusion

          Having
overruled both of Appellant’s points, we affirm the trial court’s judgment.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
McCOY,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 8, 2012









[1]See Tex. R. App. P. 47.4.





[2]The State has not argued
that Appellant failed to preserve his claim for review.  Preservation of error,
however, is a systemic requirement that this court should review on its own
motion.  Wilson v. State, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010)
(op. on reh’g); Ford v. State, 305 S.W.3d 530, 532–33 (Tex. Crim. App.
2009).





[3]Appellant frames his issue
under his first point, “TRIAL COURT ERRED IN OVERRULING OBJECTION TO CHARGE FOR
FAILURE TO REQUIRE UNANIMITY.”





[4]We have previously viewed
this issue under a constitutional lens, and in an unpublished opinion, have
held that section 21.02 does not violate any constitutional requirements for
juror unanimity.  Lewis v. State, No. 02-10-00004-CR, 2011 WL 2755469,
at *6 (Tex. App.—Fort Worth July 14, 2011, pet. ref’d) (mem. op., not
designated for publication).  Had Appellant preserved his claim that the
statute is constitutionally infirm, he has not convinced us that we and our
sister courts that have decided similar claims have done so incorrectly.





[5]Appellant moved to quash
the count because it alleged that on or about a particular date he committed
two acts thirty days apart and did not allege a specific offense.  We do not
equate these assertions with a challenge to the constitutionality of a statute.





[6]In his objection to the
charge Appellant reiterated the assertions made in his oral motion to quash.