

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00496-CR

RICHARD SCOTT SHAFER                                      APPELLANT

V.

THE STATE OF TEXAS                                             STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

A jury found Appellant Richard Scott Shafer guilty of continuous sexual abuse of a child, aggravated sexual assault of a child, and indecency with a child, and assessed his punishment at thirty, ten, and ten years' confinement, respectively, with the two ten-year sentences probated. The trial court sentenced Appellant accordingly, ordering the sentences to run consecutively. In two points

---

[1]*See* Tex. R. App. P. 47.4.

on appeal, Appellant asks us to declare a portion of the continuous sexual abuse statute unconstitutional and to hold that the trial court violated Appellant's constitutional right to confront witnesses against him by excluding hearsay he offered to impeach the complainant's mother.  We affirm.

### Constitutional Complaint in Charge-Claim Clothing

In Appellant's first point he asserts that the trial court's guilt-innocence charge on continuous sexual abuse erroneously tracked section 21.02(d) of the penal code, which provides in pertinent part, that

> [M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed.  The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

Tex. Penal Code Ann. § 21.02(d) (West 2011).  The court's charge instructed the jury that with regard to the continuous sexual abuse count that

> [M]embers of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed, if any, by the defendant or the exact date those acts, if any, were committed.  The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse, if any were committed.

Appellant objected to this paragraph on the grounds "that the jury should be instructed that they should agree unanimously on specific acts, if any."  And when the trial court pointed out that the paragraph tracked the statute, Appellant persisted:  "We still object."

2

Jury charge complaints need not be preserved with an objection. Whether a defendant objects to the charge has no effect, therefore, on whether his complaint is preserved; rather it simply determines which harm analysis a reviewing court undertakes should the court uncover an error in the charge. *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006); *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *see also Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

Constitutional challenges to a statute, however, do not enjoy this exemption from preservation requirements and, generally, are forfeited by failure to object at trial. *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *see also Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). The constitutionality of a statute as applied must be raised in the trial court to preserve error. *Curry*, 910 S.W.2d at 496; *see Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial"). And a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).[2]

---

[2]The State has not argued that Appellant failed to preserve his claim for review. Preservation of error, however, is a systemic requirement that this court

Appellant drapes his complaint in a jury-charge-error claim[3] through which is plainly visible a bare challenge to the constitutionality of section 21.02(d). In the first line of Appellant's "Argument and Authorities" he promises to "demonstrate that the statute" violates "Article 5, Section 13 and Article 1, Section 19 of the Texas Constitution and the 5th and 14th Amendments of the United States Constitution."

The remainder of his argument section follows this premise, purports to keep the promise, and harmonizes with all that precedes it except the heading about the trial court erring in overruling the objection to the charge. Appellant admits that section 21.02(d) "is the source" of his complaint. He distinguishes a United States Supreme Court case which he says upheld a challenge to Arizona's murder statute and jury instructions that did not require unanimity on mental states. He acknowledges cases from our sister courts—*Martin v. State*, 335 S.W.3d 867 (Tex. App.—Austin 2011, pet. ref'd); *Jacobsen v. State*, 325 S.W.3d 733 (Tex. App.—Austin 2010); and *Render v. State*, 316 S.W.3d 846 (Tex. App.—Dallas 2010, pet. ref'd), *cert. denied*, 131 S. Ct. 1533 (2011)—all of which rejected challenges to the statute; but he argues that these cases were

---

should review on its own motion. *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010) (op. on reh'g); *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009).

[3]Appellant frames his issue under his first point, "TRIAL COURT ERRED IN OVERRULING OBJECTION TO CHARGE FOR FAILURE TO REQUIRE UNANIMITY."

"wrongly decided and should be reexamined under the Constitutional lens."[4] He invites us to follow a Hawaii court's holding that juror unanimity is constitutionally required, and he closes by imploring that we declare section 21.02(d) offensive to due process and due course of law provisions of the United States and Texas constitutions, respectively, as well as those constitutions' unanimity requirements.

Having read Appellant's argument in his first point, we are not persuaded that it is actually a claim of jury-charge error. *See Estrada v. State*, 313 S.W.3d 274, 305–06 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 905 (2011). Rather, we see it as a plain challenge to the constitutionality of section 21.02(d) of the penal code.

As such, the claim does not evade the rules of error preservation. Although Appellant orally moved to quash the continuous sex abuse count on the day of trial, he did not assert that the count should be quashed because the statute is unconstitutional.[5] Nor did he file a motion for new trial. Nor, when he

---

[4]We have previously viewed this issue under a constitutional lens, and in an unpublished opinion, have held that section 21.02 does not violate any constitutional requirements for juror unanimity. *Lewis v. State*, No. 02-10-00004-CR, 2011 WL 2755469, at *6 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication). Had Appellant preserved his claim that the statute is constitutionally infirm, he has not convinced us that we and our sister courts that have decided similar claims have done so incorrectly.

[5]Appellant moved to quash the count because it alleged that on or about a particular date he committed two acts thirty days apart and did not allege a specific offense. We do not equate these assertions with a challenge to the constitutionality of a statute.

objected to the charge did he inform the trial court that he believed the statute constitutionally infirm.[6]  Accordingly, because Appellant did not assert before the trial court any constitutional infirmity within the statute, we hold that Appellant has forfeited his claim for review and we overrule his first point.  *See Karenev*, 281 S.W.3d at 434; *Flores*, 245 S.W.3d at 437 n.14; *Curry*, 910 S.W.2d at 496; *Carmell v. State*, 331 S.W.3d 450, 460 (Tex. App.—Fort Worth 2010, pet. ref'd), *cert. denied*, 132 S. Ct. 409 (2011).

### Does the Confrontation Clause Require Admission of Multi-Level Hearsay?

In his second point, Appellant complains that the trial court did not let him impeach the complainant and her mother with hearsay.

The eleven-year-old complainant testified that over a course of years from the time she was seven, Appellant would set her astride him and penetrate her sexual organ with his.  The complainant's mother testified that the complainant outcried to her when the complainant was ten years old after the mother and Appellant had finally separated and when the complainant was assured that he would not be returning.

Appellant made an offer of proof through his second wife, Jennifer Dennison, that, around 2005, someone from child protective services (CPS), whom she could not name, telephoned her to inform her that allegations had

---

[6]In his objection to the charge Appellant reiterated the assertions made in his oral motion to quash.

been made that Dennison, Dennison's daughter, and Appellant had molested the complainant. According to Dennison, this unnamed person said that she had interviewed all of the involved children and that no child had made an outcry. Dennison also testified that the worker would neither confirm nor deny that the complainant's mother had made the allegations but suggested that she may have been upset about her divorce from Appellant. Appellant and the State agreed that nothing in the CPS records supplied by the State to Appellant under court order supported Dennison's proffer. The trial court sustained the State's hearsay and relevancy objections and excluded the testimony.

Appellant made a second proffer through his own testimony that essentially corroborated Dennison's. The trial court stood by its original ruling and did not allow this testimony in either.

We review the trial court's decision to exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Lozano v. State*, ___S.W.3d___, No. 02-09-00296-CR, 2012 WL 254103, at *24 (Tex. App.—Fort Worth Jan. 26, 2012, no pet.). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Martinez*, 327 S.W.3d at 736.

Appellant contends that the trial court abused its discretion because its ruling violated his right to confront witnesses as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Texas constitution.

The unnamed declarant's statement that someone had made child-molestation allegations against Dennison, her daughter, and Appellant is inadmissible hearsay because it is an out-of-court-statement offered for the truth of the matter asserted; that is, that someone made child-abuse allegations against Dennison and her family to CPS. *See* Tex. R. Evid. 801, 802. Moreover, it is hearsay of more than one level. At the first level is a statement from an unknown source to the effect that someone molested a child. At the second level is the unknown CPS worker's relaying this unsourced statement to Dennison through the worker's statement indicating that someone had brought allegations of molestation.

Appellant did not argue before the trial court and does not argue now that any hearsay exception applies, much less that an exception applies at each level of hearsay. Essentially, his argument is that the Confrontation Clause trumps the rules of evidence and requires the admission of multiple hearsay in the case before us.

It is ironic that Appellant's position invokes a clause created to bar hearsay to now allow it. But as we do not rely on literary devices to decide if a position has merit, to determine whether there is any merit to Appellant's position we turn to the cases he cites as support.

He first cites *Davis v. Alaska*, 415 U.S. 308, 94 S. Ct. 1105 (1974). In that case, the Supreme Court took up the issue whether the Confrontation Clause requires that a defendant in a criminal case be allowed to impeach the credibility

8

of a prosecution witness by cross-examination directed at possible bias deriving from the witness's probationary status as a juvenile delinquent when such impeachment would conflict with a State's asserted interest in preserving the confidentiality of juvenile adjudications of delinquency. *Id.* at 309, 94 S. Ct. at 1107. Noting that the cases construing the Confrontation Clause hold that a primary interest it secures is the right of cross-examination, *Id.* at 315, 94 S. Ct. at 1110 (citing *Douglas v. Alabama*, 380 U.S. 415, 418, 85 S. Ct. 1074, 1076 (1965)), the *Davis* court held that in the circumstances of that case, the Sixth and Fourteenth Amendments conferred the right to cross-examine a particular prosecution witness about his delinquency adjudication for burglary and his status as a probationer. *Id.* at 321, 94 S. Ct. at 1112 (Stewart, J., concurring). Here, the issue is not whether the trial court prevented Appellant's cross-examination of a witness with a juvenile rap sheet; Appellant thoroughly cross-examined the complainant and her mother, and he has not argued that *Davis* is, nor do we read it as, a license for the admission of anonymous hearsay during direct examination of a witness for the defense.

Appellant next acknowledges that rule 608(b) of the Texas Rules of Evidence prohibits evidence of specific acts to impeach a witness. Citing *Carroll v. State*, 916 S.W.2d 494, 501 (Tex. Crim. App. 1996), however, he argues that despite this rule of evidence, there are circumstances where evidentiary rules of evidence must give way to constitutional considerations. In *Carroll*, the court of criminal appeals held that a trial court abused its discretion by preventing the

9

defendant from cross-examining a State's witness about pending criminal charges. *Id.* at 500. The court also observed that in the event of a conflict between the rules of evidence and the constitutional right of confrontation, the latter would prevail. *Id.* at 501. Although we cannot deny that the rules of evidence must at times give way to the Confrontation Clause, Appellant does not explain to us how this is one of those times. Moreover, as with *Davis*, we do not read *Carroll* to stand for the proposition that the Confrontation Clause mandates the admission of anonymous hearsay through direct examination of a witness for the defense.

Appellant quotes the following passage from *Billodeau v. State*, 277 S.W.3d 34, 42–43 (Tex. Crim. App. 2009) (*quoting London v. State*, 739 S.W.2d 842, 846 (Tex. Crim. App. 1987)):

> The possible animus, motive, or ill will of a prosecution witness who testifies against the defendant is never . . . collateral or irrelevant . . . and the defendant is entitled, subject to reasonable restrictions, to show any relevant fact that might tend to establish ill feeling, bias, motive, interest, or animus on the part of any witness testifying against him.

*Id.*

As discussed below, the evidence Appellant sought to admit had no probative value to impeach the credibility of the complainant or her mother in this case. Moreover, Appellant has not shown us how the rules prohibiting hearsay are not "reasonable restrictions" on a defendant's entitlement to show facts tending to establish bias on the part of a complaining witness. *See id.*

10

Finally, Appellant also cites *Lopez v. State*, 18 S.W.3d 220, 225 (Tex. Crim. App. 2000), for the proposition that in a case involving a typical "swearing match" between a complainant and a defendant, the need to impeach the complainant with evidence that may otherwise violate rule 608(b) is "heightened." Rudolfo Lopez was convicted of aggravated sexual assault of a child and indecency with a child. *Id.* at 221. During trial, the defense attempted to introduce evidence that the complainant had previously accused his mother of physical abuse. *Id.* at 222. The court of appeals reversed, holding that the Confrontation Clause demands that the evidence should have been admitted. *Id.* In reversing the court of appeals, the court of criminal appeals held that despite the "heightened need" to impeach the complainant's credibility, evidence that the complainant had once accused his mother of physical abuse would not have achieved that goal. *Id.* at 225. For one thing, the court reasoned, no evidence was offered to show that the earlier accusation was false. *Id.* For another, the court noted that the allegation that the complainant's mother had thrown him against a washing machine had almost nothing in common with the complainant's accusing Lopez of forcing him to perform oral sex. *Id.* at 226. The court held that absent proof of the falsity of the prior accusation or its similarity with the later one, the evidence had no probative value in impeaching the complaint's credibility. *Id.*

Similarly, here, assuming the record demonstrates that a prior accusation was made, it does not demonstrate that the accusation was false. Both sides

11

agreed that there were no CPS records documenting the allegation. The witness relaying the accusation could not remember who told her about it. The complainant's mother denied it, and the complainant was never asked about it. Even if it was made, from the record it appears that the prior complained-of act was, if anything, a possible inadvertent touching while giving the young complainant or her siblings a bath. In contrast, the evidence against Appellant at trial showed that he made the complainant sit astride him, held her lower back with his hands, and made her "swirl" around on him as he penetrated her with his sexual organ. There is nothing from this evidence to indicate inadvertence or an innocent touching such as may occur while giving a small child a bath. The two accusations, if there were two, are sufficiently dissimilar that the trial court could have reasonably concluded that the alleged prior accusation had no probative value in impeaching the credibility of either the complainant or her mother. Under these circumstances, we decline to hold that the trial court abused its discretion by excluding the proffered testimony. Accordingly, we overrule Appellant's second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL:  McCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 8, 2012